## Case No. 15,836.

UNITED STATES v. MURDOCH et al.

[2 Cranch, C. C. 486.] [1]

Circuit Court, District of Columbia. May Term, 1824.

CUSTOMS DUTIES — LIEN ON GOODS AFTER BOND TAKEN — CONSIGNEE.

1. The United States have no specific lien on imported goods, for the duties, after having taken bond and security therefor, and delivered the goods to the consignee.

2. The consignee is to be considered, under the sixty-second section of the collection act of 1799 [1 Stat. 673], as the owner. The con-

[1] [Reported by Hon. William Cranch, Chief Judge.]

signor never was debtor to the United States for the duties.

Bill in equity by the United States, against Murdoch, Youille, Wardrope, & Co. of Madeira, and James H. Hooe, administrator of William Hodgson, deceased. It charges that M., Y., W., & Co. shipped certain casks of wine to Hodgson in his lifetime, either on consignment, or as a sale to him. That Hodgson gave bond and security for the duties, upon which judgment was recovered by the United States against Hodgson in his lifetime, and remained in full force until his death. That the defendant J. H. Hooe took letters of administration on his estate (no execution having been levied upon his property to secure the debt), and obtained possession of his personal estate, and effects, among which is the very wine upon which the duties accrued; and that whether the wine belongs to M., Y., W., & Co. or to W. Hodgson's estate, the United States consider it liable for the duties, and that it may be subjected to the payment of the judgment against Hodgson, &c. The defendants, M., Y., W., & Co. answered, that William Hodgson was only their agent, and had no interest but in his commissions upon the sales of the defendants' wines. That in the year 1818, they shipped to him a cargo of wine by the brig Hebe, part under special orders procured by Mr. Hodgson, and part for sale generally for account of these defendants. That Mr. Hodgson secured the duties to the satisfaction of the United States, on that part of the cargo which was shipped upon their account, and which was thereupon delivered to him; and that the duties upon the residue of the cargo were secured by the persons upon whose orders it was shipped, and it was delivered to them. That Mr. Hodgson had charged these defendants with $518, being the amount of the duties which he had secured upon that part of the cargo consigned to him by these defendants for sale. That after allowing him credit therefor, he died indebted to these defendants in the sum of $1,679.45, which yet remains unpaid. They deny that the United States have any lien upon the wine for the duties after they have been secured, and the wine delivered. The answer of Mr. Hooe admits that sundry casks of wine came to his possession as administrator of Mr. Hodgson, upon which the duties had been secured by him in his lifetime but not paid; but that when the duties were secured to the satisfaction of the collector, the wine was delivered to the consignees.

Mr. Taylor, for defendants, contended that the lien of the United States upon the wine ceased with their possession, and cited the opinion of Mr. Justice Story in the case of U. S. v. Lyman [Case No. 15,647]. He also contended, that for all the purposes of paying or securing the duties, the importer or consignee was, under the sixty-second section of the collection law of 1799 (1 Stat. 673) to be considered as the sole owner of the goods imported, and alone responsible for the duties. The words of that clause of the section are as follows: "And to prevent frauds arising from collusive transfers, it is hereby declared, that all goods, wares, or merchandise imported into the United States shall, for the purposes of this act, be deemed and held to be the property of the persons to whom the said goods, wares, or merchandise may be consigned, any sale, transfer, or assignment, prior to the entry and payment or securing the payment of the duties on the said goods, wares, and merchandise, and the payment of all bonds then due and unsatisfied by the said consignee, to the contrary notwithstanding."

Mr. Swann, contra, contended that the owner of the wine was debtor to the United States for the duties, and that this proceeding was in the nature of a chancery attachment of their effects in the hands of their agent, or his personal representative, the defendant, Mr. Hooe, as garnishee; Mr. Hodgson was the factor and agent of the defendants, Murdoch, Youille, Wardrope, & Co.; and their effects in his hands were liable to attachment for their debt. Although the consignee, for the purpose of giving bond and security for the duties, may be considered as the debtor of the United States, yet he is not the only debtor. He was only their agent, and although he may be bound himself, yet he bound his principal also, who must see that his agent discharges his bond.

Upon a reference, by consent, to a master commissioner, a balance of $1,679.45 was found due from Hodgson, at the time of his death, to the defendants, Murdoch, and others, and the cause having been set for hearing upon the bill, answers, and report of the master commissioner,

THE COURT (THRUSTON, Circuit Judge, absent) was of opinion, that by taking the bond and security for the duties, and the delivery of the wine to the consignees, as mentioned in the bill and answers, the United States have relinquished their specific lien on the wine; and that, under the sixty-second section of the collection law of 1799, the consignee is to be considered, for the purposes of that act, as the owner of the wine; and that the consignors are not, and never were, debtors of the United States for the duties thereon; and if they were to be considered as the original debtors of the United States for those duties, yet, that that debt was extinguished by the taking of the bond and security, and prosecuting the same to judgment, and delivery of the wine; there being no evidence of any fraud in the case. It is therefore decreed and ordered, that the complainants' bill be dismissed.

The complainants prayed an appeal, but never prosecuted it.